UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHRISTOPHER HOLLY,**

    **Plaintiff,**

**v.**                                              **Case No: 5:18-cv-441-Oc-30PRL**

**WINDSTREAM HOLDINGS, INC.**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

On August 22, 2018, Plaintiff/Petitioner, Christopher Holly initiated this action by filing a petition requesting the Court to enter an Order compelling Defendant/Respondent Windstream Holdings, Inc. to proceed to arbitration and to pay the necessary arbitration fees. (Doc. 1). In the instant motion (Doc. 2), Plaintiff seeks to proceed *in forma pauperis*. As discussed below, Plaintiff's motion should be denied and his complaint should be dismissed because the Court lacks subject matter jurisdiction over his claims.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

Jurisdiction is a threshold issue in any case pending in a United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000).

Plaintiff contends that this Court has subject matter jurisdiction pursuant to Section 4 of the Federal Arbitration Act ("FAA"), which provides that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which . . . would have jurisdiction under title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C.A. § 4.

Plaintiff claims that the Court would have diversity jurisdiction over his underlying claim against Defendant. (Doc. 1 at ¶ 8). However, while Plaintiff alleges that the parties are citizens of

different states, he fails to allege any facts supporting an amount in controversy in excess of $75,000.00. Plaintiff simply alleges that Defendant used faulty hardware/software in its modems and that as a result Defendant had to replace Plaintiff's modem 13 times. These allegations unquestionably fail to support the requisite amount in controversy, and thus, the Court lacks diversity jurisdiction over the underlying claim.[2]

Moreover, even if Plaintiff has alleged a basis for diversity jurisdiction, Section 4 requires, that a party seeking to compel arbitration be "aggrieved" before the court can direct arbitration. Although it appears that courts within the Eleventh Circuit have not squarely addressed this issue, other circuits have agreed that absent a refusal to arbitrate, arbitration cannot be compelled under Section 4. *See, e.g., Hartford Accident & Indem. Co. v. Equitas Reinsurance Ltd.*, 200 F.Supp.2d 102, 110 (D.Conn.2002) (granting motion to dismiss for lack of subject matter jurisdiction where it was not sufficiently alleged that the parties refused to arbitrate); *PaineWebber Inc. v. Faragalli,* 61 F.3d 1063, at *1066 (3rd Cir. 1995) ("unless and until an adverse party has refused to arbitrate a dispute putatively governed by a contractual arbitration clause . . . no dispute over whether to arbitrate has arisen, and no harm has befallen the petition—hence, the petitioner cannot claim to be 'aggrieved' under the FAA."); *Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 725 F.2d 192, 195 (2d Cir.1984).

Here, Plaintiff alleges that he filed an arbitration demand with the American Arbitration Association ("AAA") and that the AAA has authorized his case to proceed so long as one side pays the filing fee. Plaintiff contends that Defendant has refused to pay the filing fee even though the arbitration agreement provides as follows:

> For any non-frivolous claim that does not exceed $75,000, Windstream will pay all AAA

---

[2] In addition, as discussed below, Plaintiff contends that respondent is required to pay the arbitration filing fee pursuant to a provision in the arbitration agreement related to "any non-frivolous claim that does not exceed $75,000."

filing, administration and arbitrator fees for any arbitration initiated in accordance with the notice requirements above.

While there appears to be some dispute as to the terms of the arbitration agreement, this instant case is more about the Plaintiff's efforts to compel arbitration on his preferred terms (i.e., with respondent paying the filing fee), as opposed to respondent's refusal to arbitrate. And, absent a refusal to arbitrate, Section 4 of the Act, which is necessary for this Court's jurisdiction, is not satisfied.[3]

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and his complaint should be dismissed.

Recommended in Ocala, Florida on September 13, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] Although not raised by Plaintiff, the FAA is not itself a direct grant of jurisdiction over disputes related to arbitration agreements. Indeed, the FAA has been referred to as "'something of an anomaly,'" as it "'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis" over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Hall Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 582 (2008)) (emphasis added).